UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 06-30031-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SAMUEL H. THOMAS | MAG. JUDGE KAREN L. HAYES |

RULING

A jury trial was held in the above-referenced case November 6-15, 2007. On November 9, 2007, at the close of the Government's case, Defendant Samuel H. Thomas ("Thomas") made an oral motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. The Court took Thomas's motion under advisement.

At the close of his case on November 13, 2007, Thomas renewed his motion for judgment of acquittal. The Court orally denied the motion in part with regard to Count 6 and took the remainder of the motion under advisement. The Court issued a partial written ruling and order [Doc. Nos. 61 & 62] the following day, November 14, 2007.

On November 15, 2007, the case was submitted to the jury. Prior to the jury's return, Thomas re-urged his motion for judgment of acquittal. The Court recognized his motion as timely and denied the remainder of the motion.

On that same day, the jury returned a verdict of guilt against Thomas on two counts of making and submitting a false tax return (Counts 2 and 3) and one count of tax evasion (Count 6). Thomas and his Co-Defendant, Louis R. Bradley ("Bradley"), were acquitted of conspiracy to commit tax fraud (Count 1). Bradley was also acquitted of two counts of aiding in the preparation of a false tax return (Counts 4 and 5).

On November 29, 2007, Thomas filed the pending Post-Trial Motion for Judgment of Acquittal [Doc. No. 70]. On November 30, 2007, the Court reviewed Thomas's motion and found that the original time for filing post-trial motions had expired due to excusable neglect on behalf of Thomas's counsel.[1] Accordingly, the Court deemed the motion timely filed. The Court granted Thomas an extension of time to file a supplemental memorandum in support of the motion. The Government was ordered to file any response within thirty (30) days of Thomas's supplemental memorandum.

Briefing is now complete.

For the following reasons, Thomas's Post-Trial Motion for Judgment of Acquittal is DENIED.

Rule 29 of the Federal Rules of Criminal Procedure provides as follows:

> The court on motion of a defendant or its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." United States v. Medina, 161 F.3d 687, 872 (5th Cir. 1998); see also United States v. Rena, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon

---

[1] The Government had no objection to the Court's finding of excusable neglect.

inference." United States v. Maseratti, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

Thomas was convicted of two counts of knowingly filing false tax returns and one count of tax evasion.

Thomas contends that the Government's evidence is insufficient to support the jury's verdict as to Counts 2 and 3 because it is inconsistent with the jury's acquittal of both Defendants on the conspiracy count. According to Thomas, "the gravamen of the charges in the substantive counts (2 and 3)" was that Thomas's Co-Defendant and C.P.A., Bradley, made "fraudulent year[-]ending adjusting journal entries which materially underestimated the income reported" on the 1999 income tax returns for Thomas personally and for the Law Office of Samuel H. Thomas, APLLC.

In response, the Government denies that the verdicts are inconsistent and points out that, even if they were, inconsistent verdicts are permitted. The Government points out that Thomas signed both the personal and corporate 1999 tax returns under penalty of perjury, reporting income far lower than the amounts determined to be owed by Special Agent Ted Magee. The Government points to Bradley's testimony that Thomas kept up with the income and expenses for each client of the law corporation. In one case alone, the law corporation received a settlement of approximately $200,000 more than Thomas reported in income for the entire year of 1999.

With regard to his personal return for 1999, the Government argues that Thomas could not, in good faith, have believed his personal income was $66,575, because he spent over $310,000 on personal items that year. He also submitted a financial statement to Cross Keys Bank at the end of 1999, which listed his salary and wages at $200,000, far more than the amount reported to the IRS, although still less than the actual amount of his taxable income.

The Court finds this evidence against Thomas, along with other evidence offered at trial, is

sufficient to uphold the jury's verdict on Counts 2 and 3. The Court notes that Bradley's defense of incompetence is not inconsistent with the jury's verdict as to Thomas. The jury could well have determined, based on the evidence, that Bradley and Thomas did not conspire to commit tax fraud and that Bradley did not "knowingly" assist in the preparation of a false tax return, while still determining that Thomas knowingly filed a false tax return based on his knowledge of his personal finances and the finances of the law corporation.

With regard to Count 6, Thomas contends that the evidence was also insufficient to support a verdict of guilt. Thomas argues that, following his submission of an Offer-In-Compromise ("OIC") to IRS Agent Strickland, he had little, if any involvement, and all matters were handled by Bradley. He argues that the jury wrongfully convicted him based on a document signed by Bradley pursuant to a power of attorney. Bradley signed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals [Exhibit 7], which he refers to as the "heart of the government's case." Thomas points out that the IRS has a new rule requiring Forms 433-A and 433-B (Collection Information Statement for Businesses) to be signed by the tax payer because they are made "under penalty of perjury."

The Government responds that Thomas's argument ignores the fact that its case was based on more than Exhibit 7. The Government attaches to its memorandum the time line it used in itsclosing argument to the jury. The Government focuses on Thomas's involvement in the Wiley case, a personal injury case stemming from an October 1995 automobile accident which was settled in 1999. Thomas received $550,000 plus expenses in a March 31, 1999 check and an additional $90,000 in August 1999. The Government cites to evidence and testimony showing that Thomas was aware of the likelihood of settlement in the Wiley case (and hence his likelihood of receiving

significant legal fees) well before March 1999), and his efforts to cover this knowledge. Finally, the Government points out that the 433-A Form signed by Bradley was based upon information provided by Thomas, according to the document.

The Court agrees with the Government that this evidence, and the other evidence presented at trial, are sufficient to uphold the jury's verdict as to Count 6. Notably, the Government presented testimony and evidence that showed Thomas was aware of the status of the Wiley case several times during the pendency of the settlement negotiations with the IRS, but knowingly failed to disclose the existence of this case. Both in December 2002, in his written responses to the questions of IRS Agent Jimmy Sandefur, and in an April 2006 meeting with IRS Counsel Joe Ineich, Thomas denied knowing the status of Wiley until March 1999, the month he received his first check. However, the jury heard testimony from Thomas's co-counsel, Andrew Westerfield, that Thomas was kept informed about the status of the case throughout the negotiations. Thomas met with Westerfield on December 18, 1998, and followed up with a letter to Westerfield, praising his efforts, and noting that they would shortly be "in posture for serious negotiation." Even if the Court were to ignore Exhibit 7, there is ample evidence to support the jury verdict on Count 6.

Accordingly, Thomas's Post-Trial Motion for Judgment of Acquittal [Doc. No. 70] is DENIED.

MONROE, LOUISIANA, this 29th day of January, 2008.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE